**JOYCE, In Re**

Probate Court, Franklin Co.

No. 85047. Decided May 16, 1940.

Clarence M. Addison, Columbus, and Phil Bradford, Columbus, for Edward A. Joyce.

D. B. Ulrey, Columbus, and Henry Metcalf, Columbus, for Anna Joyce Baker, et.

## OPINION DELIVERED FROM THE BENCH

By McCLELLAND, J.

Dr. Robert C. Tarbell, an Alienist, and resident of Franklin County, Ohio, the proof of whose qualifications has been waived by counsel for the various interested parties, has been offered as a witness by the applicant in this proceeding, for the purpose of giving his opinion as to the mental condition of the person for whom a guardian is sought, which opinion it is assumed will be given as a result of an examination of the patient made by the witness and other doctors. The examination was made by virtue of an application and an order entered in this court on the 6th day of February, 1940.

The application, or motion, as it is styled, reads as follows:

"Now comes Anna Joyce Baker, applicant for the appointment of a guardian for Edward A. Joyce, an alleged incompetent person, and by her attorneys makes application for an order for authority to have a personal and physical examination made of Edward A. Joyce

by such physicians and alienists as said applicant may desire to make said examination.

(Signed) Ulrey & Metcalf,
Attorneys for Applicant."

Upon hearing that application the court made the following order on the same day, and without notice to any person:

"The applicant herein by her counsel, having filed a motion for an order to have a personal and physical examination of Edward A. Joyce. an alleged incompetent person, the court on consideration thereof finds said motion well taken, and it is, therefore, ordered and directed by this court that the applicant be, and she hereby is authorized to make and have a personal and physical examination of Edward A. Joyce, an alleged incompetent person, and the said Edward A. Joyce, an alleged incompetent person, is directed and ordered to present himself upon request of counsel for such an examination; said examination to be made by such physicians and alienists as she may desire to have make said examination, same to be made on or before Saturday, February 10, 1940.

(Signed) C. P. McClelland,
Probate Judge."

Edward A. Joyce, through his counsel, objects to the proffered testimony by the witness on the grounds, as the Court understands it, that it is in violation of Mr. Joyce's constitutional rights.

**Sec. 1, Art. I, of the Constitution of Ohio** contains the following language:

"All men are. by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and seeking and obtaining happiness and safety."

Those are the rights which the Constitution says are inalienable; and counsel for Mr. Joyce contends that the examination of Mr. Joyce, which has been ordered by the court is in violation of his rights, and that the court had no jurisdiction, nor power, to make such an order.

This application and order was made in a proceeding authorized by the statute, one for the appointment of a guardian. The provisions for the appointment of a guardian are entirely statutory, some of which I will read:

"**Sec. 10507-2 GC** contains the following provision:

"When found necessary, the Probate Court of any county, on its own motion, or on application by an interested party. shall appoint a guardian of the person or of the estate, or both, of a minor, incompetent, (except that if the incompetency be due to physical disability or infirmity the consent of the incompetent must first be obtained), habitual drunkard, idiot, imbecile or lunatic; or a guardian of the estate of a confined person, provided the person for whom the guardian is to be appointed be a resident of the county, or has a legal settlement or residence therein."

The following section, **10507-3**, contains the following provision:

"A person applying for appointment as guardian shall file in the office of the Probate Court of the proper county, an application duly verified by affidavit, containing a statement of the whole estate of the ward, its probable value, the probable annual rents of the ward's real estate, and also the following:"

It is unnecessary to quote the remainder of the section.

The next section of the statute provides for the notice.

**Sec. 10507-4** reads as follows:

"No guardian of the person, or of the estate or of both, shall be appointed until at least three days after. the Probate Court has caused written notice, setting forth the time and place of the hearing, to be served upon the following person:

"(b) In the appointment of the guardian of an incompetent, habitual drunkard, idiot, imbecile, lunatic or confined person—

"1. Personal service of such written notice upon the person for whom such appointment is sought.

"2. Upon the known next of kin of such person for whom appointment is sought. known to reside in the county in which application is made."

Under the authority of that statute, on February 6, 1940, Anna Joyce Baker filed an application for the appointment of a guardian in this court, which reads as follows:

"The undersigned, a resident of Franklin County, Ohio, and interested in said guardianship as sister, hereby makes application for the appointment of a guardian of the person and property of Edward A. Joyce, aged 61 years, who resides at 1066 Kelton Avenue, Columbus, Ohio, and has a legal settlement therein, and that said Edward A. Joyce is an incompetent person and by reason thereof is incapable of taking proper care and management of himself and/or of his property.

The following persons are next of kin of the said Edward A. Joyce," and then follows the names, relationship and addresses of the respective next of kin.

I wish to call attention of counsel to the fact that the only notice which a person who is charged with being incompetent is entitled to under that statute is simply a notice that an application has been filed for the appointment of a guardian, and that this notice must be served upon him personally at least three days before the date of the hearing. It is to be noted that a person for whom a guardian is sought is not brought into court by summons, nor by a subponea.

That, therefore, brings up for discussion the nature of the proceeding. There is a brief discussion of the nature of the proceeding by the author of the subject known as "Guardian-Ward", appearing 20 O. Jur. at page 266. The author uses the following language:

"The appointment of a guardian is neither an adversary nor an inter partes proceeding. It is in the nature of a proceeding in rem, and the order of appointment made in the exercise of jurisdiction binds all the world."

The author refers to the case of Shroyer v Richmond, reported in the 16th Ohio State, the fourth syllabus of which reads as follows:

"Syllabus 4: "Plenary and exclusive original jurisdiction is given by law to the Probate Courts of this state, in the matter of the appointment of guardians, and that jurisdiction attaches in any given case, whenever application is duly made for its exercise therein."

"Syllabus 5: "Such proceedings are not inter partes or adversary in their character. They are properly proceedings in rem; and the order of appointment, made in the exercise of jurisdiction, binds all the world. The actual presence of the ward is not essential to the jurisdiction, unless by reason of his rights to choose a guardian, or for other cause, the statute so require."

The author refers to White v State in the 34th Ohio State; also the case of Hickman v Adams in the 50th Ohio State, which decisions are not exactly in point with the question which we have here, but inferentially at least they sustain, I believe, the statement made in the 16th Ohio State from which I have just quoted.

It is obvious that a proceeding of this kind is not an ordinary civil proceeding in which there is a party plaintiff and a party defendant, and in which a judgment is to be asked against any person. No pleadings are provided for except that the statute

provides that an application for the appointment of a guardian shall contain allegations of certain facts. No process is required, except that the notice shall be given as I have indicated, and also to the next of kin. The proceeding is essentially one in the nature of a declaratory judgment.

In my opinion the primary subject matter of the proceeding is the mental condition of the person for whom a guardian is sought. In such a proceeding it becomes imperative that the court first determine whether or not the condition of one's mind is that of an incompetent or a competent person. I say it is essentially a declaratory judgment as to the condition of a person's mind, whether his condition is that of being competent or incompetent.

Counsel for Mr. Joyce have called the court's attention, as I have just alluded, to the provisions of the Constitution, and the rights which any citizen under the Constitution has. One is his right of property, and the other is his right of person. It is contended that if a guardian is appointed for one's estate, it is tantamount to taking the man's property and depriving him of it. The court cannot agree that such is the effect of appointing a guardian for the estate of an incompetent person.

When a guardian is appointed of the estate of a person, the property is not taken from that person without any consideration and put in the bands of any other person. The only thing that is done, that the person, if found to be incompetent, is deprived of the control and use of his property, but he is not deprived of the benefit of his property; his property does not pass to an adversary party, but his property passes under the control of the Probate Court in the State of Ohio, and the Probate Court is charged by law with certain duties. Upon examination of all the laws pertaining to the administration of the estate of a person for whom a guardian is appointed, it is apparent that those laws are drawn for the protection and for the benefit of the person whose property has been put in the hands of a guardian.

The Probate Court is not the agent of the applicant in any case or in any proceeding in which a guardian is sought. The Probate Court is not the agent of the person for whom a guardian is sought. The Probate Court is the agent and the arm of the State for the purpose of protecting and preserving the property of a person for whom a guardian has been appointed. When a guardian of the person has been appointed, the Probate Court is the agent of the State in protecting the person of that individual. It takes the place of the individual. The Probate Court, of course, cannot personally and individually look after all the affairs both of the person and of the estate of a person who may be incompetent, but its authority is exercised through an individual known as a guardian, and who is under the control of the court; and the court is under the directions and inhibitions of the statute, all made for the protection of the person and the estate of the person for whom a guardian has been appointed.

Now, as I have said, gentlemen, this proceeding is a proceeding in the nature of a declaratory judgment. In any guardianship matter this court has two things to determine; first, whether there are circumstances or conditions or both which would justify the appointment of a guardian; and the second is whether a guardianship is necessary even though those circumstances or conditions exist. But the first thing that we have to determine is whether or not there are conditions which justify a court in appointing a guardian. When a person is found to be incompetent, that is one condition which under the statute permits a court to appoint a guardian if necessary.

When a person is alleged to be mentally incompetent, it becomes the duty of the court to ascertain whether or not the allegations contained in the petition are true. It seems that the

best means of determining whether or not a man or a person is mentally competent or incompetent is to observe that person himself. If that person cannot be observed by the Court, or if the Court is not qualified by training to make such observation, then it seems to be the duty of the court to cause an observation to be made by qualified and competent persons under the direction of the court.

I might digress and call your attention to the exercise by a sovereignty of certain power which we ordinarily call the police power, in certain circumstances. If a person is found to be afflicted with a contagious disease, the sovereignty under its acknowledged power, will immediately take that person, deprive that person of his personal liberty, and segregate him and treat him until the disease is cured, or until the period of contagion is passed.

When a person is mentally ill, or insane as we call it, a resident of the county or any relative may come into the Probate Court and file an affidavit alleging that a certain person is insane or mentally ill. No notice is given to that person; no notice is provided by the statute because on the theory that it is for the protection of the State and for the protection of society and for the protection of that individual, the Probate Court may reach out through the Sheriff's office, and bring that person into court with no other process except a warrant of detention or arrest.

It is contended by the patient that this procedure, that is the examination of Mr. Joyce, is a violation of his constitutional rights as hereinbefore set out. With this contention I cannot agree, Liberty is not an unrestricted right to do as one wishes. As society becomes more complex, one's right of action becomes more circumscribed so as to respect the rights of other members of the same society. When society becomes so civilized that it decides to protect the person and property of any of its members, the liberty of its members must be so limited that the state may exercise its authority. And it must follow that when the

State provides a statutory method of determining whether one of its citizens deserves the protection of the State, either as to his person or property, or both, that citizen must surrender his liberty to the extent that the State may determine whether his condition is such as to justify the State in exercising its jurisdiction over him.

Therefore, I believe it is within the power of the Court to personally observe a person who has been charged with being incompetent. I believe it is within the power of this Court to cause an examination of the alleged incompetent to be made, and to direct that examination, and to have that examination reported to the court in an orderly way, where the examiner may be subjected to cross-examination as to the method and extent of the examination.

Upon examination of the application which was filed here, and upon examination of the order, we find that the court has ordered Mrs. Baker to cause an examination to be made by doctors of her own choosing. The Court is of the opinion that it exceeded its authority in making such an order. The Court cannot delegate that authority. When the Court ordered Mrs. Baker to cause an examination to be made by doctors of her own choosing, the Court delegated some authority which it should have retained itself.

It is quite obvious that if such an order should be a valid order, a designing person might control an examination and thereby deprive the court of the actual facts to which it is entitled.

It is therefore my holding, that a court has the right to examine Mr. Joyce personally; the court has a right to appoint competent persons to examine Mr. Joyce, to determine the character and the extent and the method of that examination, so that it may be directly under the control of the court. But the court does not have the authority to delegate that jurisdiction, that power, to someone else.

The Court will, therefore, sustain the objection to Dr. Tarbell testifying under that order.

This Court is of the opinion that it should have the benefit of the advice of these men who are trained in the diagnosis and treatment of mental diseases; that it should have that, not as against Mr. Joyce, but for Mr. Joyce's protection. When an affidavit is filed, or when a petition is filed, it puts the responsibility on the Probate Court. The Probate Court must be zealous in taking care of these people and their property, and the statutes are all drawn with that in view; and when the control of one's property passes from himself to a person appointed by the court, he does not lose the absolute title to his property. The guardian is only a trustee for his property; the ward has the benefit of that property.

This Court should have the benefit of these doctors' advice. I trust that counsel may agree that the Court may consider these men's testimony upon a reappointment, without a further examination, and if not, the Court will reappoint them and order another examination.